IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HANOVER R.S. LIMITED PARTNERSHIP, a Texas limited partnership, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| AMERICAN HOME ASSURANCE COMPANY, a New York corporation, and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORIGINAL COMPLAINT

PLAINTIFFS, HANOVER R.S. LIMITED PARTNERSHIP ("Hanover"), files this Complaint against DEFENDANTS, AMERICAN HOME ASSURANCE COMPANY ("American Home") and THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA ("ICSP"), both wholly owned subsidiaries of American International Group Inc. and, therefore, referred to herein collectively as "AIG." Plaintiff states as follows:

## PARTIES

1. Hanover is now, and at all times mentioned in this complaint was, a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business located at 5847 San Felipe, Houston, Texas.

2. American Home is a New York corporation engaged in the insurance business with a statutory home office and principal place of business is located at 175 Water Street, 18th Floor, New York City, New York  10038.  American Home can be

served through its registered agent for service, Corporate Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

3. ICSP is a Pennsylvania corporation with its statutory home office and principal place of business is located at 175 Water Street, 18th Floor, New York City, New York 10038. ICSP can be served through its registered agent for service, Corporate Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this District because a substantial part of the events and acts or omissions giving rise to these claims occurred in this District within the meaning of 28 U.S.C. § 1391. Moreover, the policies of insurance that are the subject matter of this lawsuit were issued to and delivered to Hanover at its office in Houston, Texas.

## POLICIES

6. Hanover purchased commercial general liability policy no. GL 457-16-75 from AIG with per project limits of $1,000,000 per occurrence and $2,000,000 in the aggregate, which was effective between December 10, 2005, and December 10, 2006 ("05-06 AIG Policy").

7. Hanover purchased commercial general liability policy no. GL 457-28-67 from AIG with per project limits of $1,000,000 per occurrence and $2,000,000 in the aggregate, which was effective between December 10, 2008, and December 10, 2009 ("08-09 AIG Policy").

8. Hanover purchased commercial general liability policy no. GL 457-28-67 from AIG with per project limits of $1,000,000 per occurrence and $2,000,000 in the aggregate, which was effective between December 10, 2009, and December 10, 2010 ("09-10 AIG Policy").

## FACTUAL BACKGROUND

9. Hanover and the Ridge at Blue Hills Limited Partnership entered into an agreement on or about November 8, 2004 for the development and the construction of an apartment complex known as the Ridge at Blue Hills located in Braintree, Massachusetts (hereinafter, the "Project").

10. The Project consists of four different buildings and 186 apartment units.

11. At all times material to this complaint, the Project was owned by the Ridge at Blue Hills Limited Partnership.

12. Hanover was the general contractor on the Project.

13. Hanover was responsible for monitoring the construction activities of its subcontractors and for constructing the Project in accordance with accepted construction standards as well as applicable building codes.

14. Hanover constructed the Project beginning on or about June 2005 and it was substantially complete by August 2006.

15. On or about April 27, 2010, the Ridge at Blue Hills Limited Partnership made a claim against Hanover alleging faulty construction of the Project that permitted water intrusion into all of the buildings in the apartment complex causing significant property damage at each separate building ("RBH Claim").

16. Hanover provided AIG prompt notice of the RBH Claim.

17. On or about June 1, 2010, AIG hired a consultant on behalf of Hanover to investigate the RBH Claim and retained defense counsel on Hanover's behalf to defend the RBH Claim without ever reserving any rights under the 05-06, 08-09, or 09-10 AIG Policies ("AIG Policies").

18. On August 10, 2010, AIG reversed course and agreed to defend Hanover against the RBH Claim under reservation but AIG did not reserve the right to withdraw from the defense nor did it reserve any purported right to reimbursement of defense costs.

19. On September 5, 2012, the Ridge at Blue Hills Limited Partnership reduced the RBH Claim to a lawsuit against Hanover seeking damages for property damage to each of the buildings in the apartment complex ("RBH Lawsuit").

20. The damages sought by the Ridge at Blue Hills Limited Partnership in the RBH Lawsuit are covered by the AIG Policies.

21. AIG initially defended Hanover against the RBH Lawsuit pursuant to the AIG Policies.

22. On August 12, 2015, the day before the RBH Lawsuit was scheduled for mediation, AIG unilaterally withdrew its defense of Hanover, despite never having reserved its right to withdraw from the defense.

23. AIG continues to deny that it has any obligation to defend Hanover against the RBH Lawsuit.

24. As a result of AIG's unilateral withdrawal of Hanover's defense, Hanover incurred unreimbursed defense costs, which costs Hanover tendered to AIG for reimbursement but which AIG has refused to pay.

25.     On October 2, 2015, the Ridge at Blue Hills Limited Partnership offered to settle the RBH Lawsuit against Hanover for $2.4 million, which is within the combined limits of the AIG Policies.

26.     On October 13, 2015, Hanover requested that AIG accept the Ridge at Blue Hills Limited Partnership's settlement offer and settle the RBH Lawsuit for the $2.4 million demand.

27.     AIG refused to settle even though the settlement offer was within AIG's combined policy limits.

28.     Following AIG's refusal to settle and Hanover's extensive subsequent negotiations in which AIG refused to participate, the Ridge at Blue Hills Limited Partnership agreed to settle the RBH Lawsuit for a combined $2,390,214.35 with Hanover paying $1,890,214.35 of the total settlement amount ("RBH Settlement").

## CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following causes of action:

### A.     Breach of Contract

29.     The AIG Policies set forth contractual obligations on the part of AIG to defend and to indemnify Hanover in connection with general liability exposures when allegations against Hanover exist that its work caused physical injury to tangible property or the loss of use of tangible property and no exclusions in any of the AIG Policies bar coverage.

30.     AIG breached its insurance contract by failing to fully defend RBH against the RBH Lawsuit and for failing to indemnify Hanover in connection with the RBH

Settlement. In particular, the RBH Lawsuit and subsequent RBH Settlement fell within the coverages afforded by the AIG Policies, and no exclusions applied to negate coverage. In addition, all conditions in the AIG Policies either were satisfied or were waived by AIG.

31. As a result of AIG's breach of its insurance contracts, Hanover was forced to pay out-of-pocket costs to defend the RBH Lawsuit in an amount to be fully proven at trial, but not less than $175,533.69.

32. Additionally, Hanover was forced to pay $1,890,214.35 of the RBH Settlement in order to avoid the risk of exposure far exceeding the settlement amount at trial. Hanover also incurred significant financial loss associated with the damage to its business reputation in an amount to be determined at trial. All of these expenses constitute damages directly caused by AIG's breach of one or more of the AIG Policies.

### B.  Unfair Claims Settlement Practices

33. In violation of Chapter 541 of the Texas Insurance Code, AIG engaged in unfair and deceptive acts or practices in the business of insurance with respect to Hanover:

(a) AIG violated Texas Insurance Code § 541.060, by engaging in unfair claim settlement practices in the manner in which it investigated the RBH Claim, the manner in which it withdrew Hanover's defense a day before the RBH Lawsuit was scheduled for mediation, and ultimately the manner in which it refused to settle the RBH Lawsuit when it could have done so within available policy limits.

(b) AIG also violated Texas Insurance Code § 541.060, by not attempting in good faith to effect a prompt, fair, and equitable settlement of the RBH Lawsuit in which liability had become reasonably clear.

34. As a result of AIG's deceptive acts and practices as set out in sub-paragraphs (a) and (b) above, Hanover suffered actual damages in an amount not less than $2,151,321.73.

35. AIG's acts and practices as set out in subparagraphs (a) and (b) were knowingly committed for which Hanover seeks trebled damages under § 541.152(b) of the Texas Insurance Code.

### C. Violation of Prompt Payment of Claims Act

36. AIG violated Texas Insurance Code Chapter 542 by failing to promptly pay Hanover's unreimbursed defense costs upon appropriate statutory notice and receipt of the invoices for such unreimbursed defense costs.

### D. Attorney's Fees

37. Hanover engaged attorneys to prosecute this lawsuit against AIG and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

38. Hanover prays that it be awarded all reasonable attorney's fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Chapter 38.001 of the Texas Civil Practices and Remedies Code and Chapters 541 and 542 of the Texas Insurance Code.

## JURY DEMAND

39. Hanover requests trial by jury in this action.

## PRAYER

WHEREFORE, Plaintiff Hanover respectfully prays that this Court enter a judgment against Defendants for the following:

1. That AIG breached its insurance contracts with Hanover and that Hanover is entitled to its damages as a result of that breach.

2. Hanover is entitled to recover statutory damages, including treble damages under Chapter 541 of the Texas Insurance Code, as well as damages under Chapter 542 of the Texas Insurance Code.

3. Hanover is entitled to recover its costs, expenses and attorney's fees incurred in pursuing this action for coverage from AIG.

4. All other relief to which Hanover is justly entitled.

                Respectfully submitted,

By: */s/ Patrick J. Wielinski*
Patrick J. Wielinski
State Bar No. 21432450
Southern District ID No. 10037
Travis M. Brown
State Bar No. 24061890
Southern District ID No. 1023852
COKINOS | YOUNG
800 Crestview Tower
105 Decker Court
Irving, TX  75062
Telephone: 817-635-3620
Facsimile:  817-635-3633
Email:     pwielinski@cokinoslaw.com
          tbrown@cokinoslaw.com